**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

                                       Case No.: 1:18-bk-15143-AJC
                                                    Chapter 13

**PAUL A. PAZMINO,**

                Debtor.

_____/

**SN SERVICING CORPORATION, AS SERVICER FOR**
**U.S. BANK TRUST, N.A., AS TRUSTEE OF CHALET SERIES III**
**TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

      SN SERVICING CORPORATION, AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET SERIES III TRUST ("Secured Creditor"), by its undersigned counsel, hereby moves pursuant to 11 U.S.C. § 362 for relief from the automatic stay as to debtor, Paul A. Pazmino (the "Debtor"), in order to exercise its non-bankruptcy rights with respect to certain real property mortgaged by the Debtor.  In support thereof, Secured Creditor states as follows:

**JURISDICTION AND VENUE**

      1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

      2.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**SUMMARY OF THE RELIEF SOUGHT**

      By this Motion, Secured Creditor seeks relief from the automatic stay under 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(d)(1), because "cause" exists as a result of

Secured Creditor not receiving adequate protection for its secured interest in the real property located at  *13504 N.E. 203rd Place, Miami, FL 33181* (the "Property") securing the obligations of the Debtor to Secured Creditor; or, alternatively, (ii) 11 U.S.C. § 362(d)(1), because the  Debtor has little to no equity in the Property and, (ii) the Property is not necessary for an effective reorganization.

## PROCEDURAL BACKGROUND

**A.     The Bankruptcy Filing.**

1.      On April 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

2.      On May 4, 2018, the Debtor filed its proposed Chapter 13 Plan [D.E. 13].

3.      On July 16, 2018, the Debtor filed its Attorney-Represented Debtor's Verified Ex-Parte Motion for Referral to Mortgage Modification Mediation with then secured creditors MTGLQ Investors, LP c/o Rushmore Loan Management [D.E. 44].

4.      On July 13, 2018, creditor MTGLQ Investors, LP ("MTGLQ") timely filed its secured claim [Proof of Claim 4-1] which reflects a total claim in the amount of $331,469.78, with arrearages of $179,523.96, and denoting on-going mortgage payment amount of $1,587.29 (the "Claim").

5.      On July 17, 2018, the Court entered the Order Granting Debtor's Verified Ex-Parte Motion for Referral to Mortgage Modification Mediation  [D.E. 45] (the "MMM Order") directing the parties to mortgage modification mediation.

6.      On July 17, 2018, the Debtor filed its Second Amended Chapter 13 Plan [D.E. 46] (the "Plan").  Pursuant to the Plan, the Debtor's intention as to the Property was to seek mortgage modification mediation with then secured creditors MTGLQ Investors, LP c/o

Rushmore Loan Management.

7.    On September 20, 2018, the Debtor filed its Sixth Amended Chapter 13 Plan [D.E. 74] (the "Sixth Plan").  Pursuant to the Sixth Plan, the Debtor's intention as to the Property did not change.

8.    On July 27, 2018, the Court entered the Order Confirming Sixth Amended Chapter 13 Plan [D.E. 82].

9.    On December 10, 2018, Secured Creditor files its Transfer of Claim (D.E. 86).

10.    Subsequent to the MMM Order, Secured Creditor and the Debtor engaged in and concluded mortgage modification mediation.

11.    On December 19, 2018, Secured Creditor issued a mortgage modification mediation denial letter (the "Denial Letter"), posted its modification mediation decision in the assigned DMM Portal, and uploaded a copy of Denial Letter.   A true and correct copy of the Denial Letter is attached hereto as **Exhibit "A"**.

12.    Pursuant to the Denial Letter, the deadline for the Debtor to appeal the decision was thirty (30) days from the date of the Denial Letter and no later than January 19, 2019 (the "Appeal Deadline").

13.    On February 12, 2019, after the lapse of the Appeal Deadline, Secured Creditor posted its request for the issuance of the Mediator's Final Report in the assigned DMM Portal.

14.    As of the date of filing of this Motion, no final report from the mediator has been filed nor has the Debtor filed a motion to modify plan or modified the plan to either conform to the Claim or to surrender the Property.

15.    Secured Creditor is the holder of the Note and the Mortgage.

16.    The legal description of the Property is described as follows:

**LOT 2, BLOCK 6, OF ADLERAMA ESTATES 4TH ADDITION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 92, PAGE 50, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

17.    The Debtor has committed an Event(s) of Default for failure to pay all of the monthly installments due under the terms of the Note.  Secured Creditor is currently owed the approximate amount $354,158.23, and is subject to additional amounts permitted under the Loan Documents.

18.    An Affidavit of Indebtedness in support of this Motion is attached hereto as **Exhibit "B"**.

19.    An Indebtedness Worksheet in support of this Motion is attached hereto as **Exhibit 'C"**.

20.    The Debtor is the owner of the Property and is the signer of the Note and Mortgage and is the obligor of the subject loan on the Property.

21.    Secured Creditor is entitled to relief from the automatic stay with respect to the Property pursuant to 11 U.S.C. § 362(d).  The relevant portions of section 362(d) provide:

> (d)    On request of a party interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A)    the debtor does not have equity in such property; and
>
> (B)    such property is not necessary to an effective reorganization.

22.     It is universally accepted that "Section 362(d)(1) and 362(d)(2) are disjunctive; the Court *must* lift the stay if the movant prevails under either of the two grounds." *In re Kaplan Breslaw Ash*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001) (emphasis added); *see also In re Albany Partners*, 749 F.2d 670, 673 (11th Cir. 1984) (noting the alternative grounds for stay relief).

23.     In the present case, Secured Creditor is entitled to stay relief under § 362(d)(1), since Secured Creditor's interest in the Property is not adequately protected.   Additionally, Secured Creditor is entitled to relief from the stay under § 362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary for an effective reorganization of the Debtor.

24.     Section 362(d)(1) of the Bankruptcy Code provides for lifting of the automatic stay "for cause," and a movant bears the initial burden to demonstrate that "cause exists."   11 U.S.C. § 362(d)(1).  As explained by the Bankruptcy Courts, "[u]pon motion to lift or modify the automatic stay, burden of proof is a shifting one, with the movant having the burden of making initial showing of 'cause,' and debtor having the ultimate burden of proof on all issues other than debtor's equity in property."  *In re Telegroup, Inc.*, 237 B.R. 87, 91 (Bankr. D.N.J. 1999); *see also* 11 U.S.C. § 362(g).

25.     A debtor's failure to provide adequate protection of a creditor's interest is a classic basis for granting relief from the stay for cause.  *See In re McGaughey*, 24 F.3d 904, 906 (7th Cir. 1994); s*ee also, e.g.*, *In re Telegroup*, 237 B.R. at 91.  A creditor can establish its case quantitatively, i.e., by demonstrating the decline in the value of the creditor's interest in the debtor's property.

26.    The Property lacks any equity as the current estimated value of the Property is $213,000.00, as set forth in the Miami-Dade County Property Appraiser's valuation ("Valuation").  A true and correct copy of the Valuation is attached hereto as **Exhibit "D"**.

27.    Secured Creditor asserts that the Property is diminishing and decreasing in value and continues to do so by virtue of the continued use of the Property by the Debtor without payments to Secured Creditor and given the current market history in the area in which the Property is located.

28.    Secured Creditor is entitled to stay relief under § 362(d)(1), since Secured Creditor's interest in the Property is not being adequately protected.  Additionally, Secured Creditor is entitled to relief from stay as to debtor under § 362(d)(2) because there is little to no equity in the Property and the Property is not necessary for an effective reorganization of the Debtor.

29.    If the Court lifts the automatic stay and relief from stay that it should (i) waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature and Secured Creditor to pursue its *in rem* remedies without further delay, and (ii) that Secured Creditor be exempted from further compliance with Fed. Rule Bankr. P. 3002-1 in the instant bankruptcy case.

30.    A proposed Order has been attached as **Exhibit "E".**

**WHEREFORE**, Secured Creditor respectfully requests that this Court issue an order granting the Motion and granting the following:

1.    Relief from stay allowing Secured Creditor, its successors or assigns, to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.      That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.      That upon entry of the Order granting relief from stay, Secured Creditor be exempted from further compliance with Fed. Rule Bankr. P. 3002-1 in the instant bankruptcy case.

4.      For such other relief the Court may deem just and proper.

**Dated this 17ᵗʰ day of May, 2019.**

> Respectfully Submitted,
>
> /s/ Chase A. Berger
> Chase A. Berger
> Fla. Bar No. 083794
> cberger@ghidottiberger.com
> **GHIDOTTI | BERGER, LLP**
> *Counsel for Secured Creditor*
> 3050 Biscayne Boulevard - Suite 402
> Miami, Florida 33137
> Telephone: (305) 501.2808
> Facsimile: (954) 780.5578

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

> By:      /s/ Chase A. Berger
>                 Chase A. Berger, Esq.

*Case No.: Case No.: 1:18-bk-15143-AJC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Paul A Pazmino**
13504 N.E. 23rd Place
Miami, FL 33181

*Debtor's Counsel*
**Michael A. Frank, Esq.**
10 N.W. LeJeune Road, #620
Miami, FL 33126

*Trustee*
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130

By: /s/ Chase A. Berger
Chase A. Berger, Esq.



**323 5TH STREET**
**EUREKA, CA 95501**
**Toll-Free 800-603-0836**
**8:00 a.m. -5:00 p.m.  PT**

12/19/2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

PAUL PAZMINO
13504 NE 23RD PL
NORTH MIAMI, FL 33181

<u>**NOTICE OF ATTEMPT TO COLLECT DEBT**</u>

**Para información en español llame al (800) 603-0836 ext 2643**
<u>**For more information in Spanish call (800) 603 0836 ext 2643**</u>

RE:        Mortgage Note dated: 8/3/2007
           Account No. ▮▮▮▮▮▮▮▮▮

**YOU ARE HEREBY NOTIFIED THAT SN SERVICING CORPORATION, THEIR EMPLOYEES, AGENTS AND ATTORNEYS ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION THAT WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY AND THIS DEBT WAS NOT REAFFIRMED, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT SUCH A DEBT AS YOUR PERSONAL LIABILITY, BUT IS INSTEAD A STEP IN THE ENFORCEMENT OF A MORTGAGE LIEN AGAINST YOUR PROPERTY.**

Dear Borrower:

Thank you for your interest in a mortgage modification. SN Servicing Corporation reviewed your application as the servicing agent for U.S. Bank Trust National Association as Trustee of Chalet Series III Trust, who is the holder of your note and SN Servicing Corporation is the servicer attempting to collect this debt on U.S. Bank Trust National Association as Trustee of Chalet Series III Trust's behalf.

SN Servicing Corporation has reviewed the request for a modification of this loan and unfortunately we are unable to grant a modification of this loan based on the information received. This notice is being sent in compliance with the applicable rules and regulations required by law, including but not limited to the Equal Credit Opportunity Act.

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656**

Revised 10-8-2018

**EXHIBIT "A"**

We consider a number of factors in making credit decisions. Please be advised that your recent request for a modification has been denied for the following reasons:

[ ] **No Response to Modification Offer**:  Failed to return the Modification Packet.

[ ] **Payment Default During the Trial Period Plan:** You have failed to make the trial period payments as provided in the Trial Period Plan and you are in default.

[ ] **Loan Paid or Reinstated:** We have been informed that the subject loan has been paid or reinstated.

[ ] **Withdrawn Request or Non-Acceptance of Offer:** You have withdrawn the request for consideration of the modification or not accepted the offer made by SN Servicing Corporation. Failure to make the first trial period payment in a timely manner is considered non-acceptance of the Trial Period Plan.

[ ] **Incomplete Information:** We have requested information or financial verification documents that have not been received. Your failure to provide all required information  and  documents  by  the  date  provided makes you ineligible for a modification.

[X] **Ineligible Income:**  We have determined that your income is insufficient, and/or you have excessive obligations in relation to your income.

[ ] **Ineligible Mortgage for HAMP:** You were offered a modification through the federal Home Affordable Modification Program ("HAMP"), but we are unable to offer you a modification because your loan did not meet one or more of the following HAMP eligibility criteria.

    [ ] Your loan was not originated on or before January 1, 2009.
    [ ] Your loan with us is not a first lien mortgage.
    [ ] The current unpaid principal balance on your loan is higher than the program limit.
    [ ] Your loan has matured.

[ ] **Ineligible Borrower:** We are unable to offer you a modification because your current monthly housing expenses, which include the monthly principal and interest payment on your first lien mortgage loan plus property taxes, hazard insurance and homeowner's dues (if any) is not within the allowable debt to income ratio which would entitle you to be eligible for a modification.

[ ] **Property Not Owner Occupied:** We are unable to offer you a modification because you do not live in the property as your primary residence.

[ ] **Ineligible Property:** We are unable to offer a modification because your property:

    [ ]  is vacant
    [ ]  has been condemned
    [ ]  has more than four dwelling units or
    [ ]  has excessive delinquent property taxes

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656**

Revised 10-8-2018

[ ] **Investor Guarantor Not Participating:** We are unable to offer you a modification because:

    [ ] We service your loan on behalf of an investor or group of investors that has not given us the contractual authority to modify your loan.
    [ ] Your loan is insured by a private mortgage insurance company that has not approved a modification.
    [ ] Your loan is guaranteed and the guarantor has not approved a modification.

[ ] **Investor Declined Loan Modification:** We are unable to offer you a modification because:
_____

[ ] **Bankruptcy Court Declined: W**e are unable to offer you a modification because you have filed for bankruptcy protection and the proposed modified loan terms were not approved by the Bankruptcy Court. You may wish to contact your bankruptcy counsel or trustee to discuss this decision.

[ ] **Loan Does Not Qualify Based on Modification Guidelines.**

_____

Although we have determined that you are not eligible for a loan modification, there may be other loss mitigation options available to you, including forbearance, a payment plan, short sale, or deed-in-lieu. Please contact me to discuss these options.  We cannot guarantee that you will qualify for other loss mitigation assistance.  While your account is under review, you should consider your alternatives if loss mitigation is denied.

**<u>Right to Appeal</u>**

You have the right to appeal our determination not to offer you the loan modification Trial Period Plan(s) listed above. If you would like to appeal, you must contact us in writing at the address provided below, no later than **1/19/2019** - *30 CALENDAR DAYS FROM THE DATE OF THIS LETTER*, and state that you are requesting an appeal of our decision.

You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires **1/19/2019**- *30 CALENDAR DAYS FROM THE DATE OF THIS LETTER*. Any appeal requests or documentation received after **1/19/2019** - *30 CALENDAR DAYS FROM THE DATE OF THIS LETTER* may not be considered.

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal; however, the failure to make such payments may have adverse impacts to your credit rating.

If we determine on appeal that you are eligible for a loan modification Trial Period Plan, we will send you an offer for that Trial Period Plan. In that case, you may choose to make the full mortgage payment amount (including any delinquent amounts and late charges that have accrued during the appeal process) or you may notify us of your intent to accept the new Trial Period Plan payment offer by contacting us at 1-800-603-0836 in writing at SN Servicing Corporation, 323 5th Street, Eureka, CA 95501 no later than 14 calendar days from the date of the appeal decision.

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656**

If we do not receive a response to an offer of loss mitigation, after 14 days we will deem that the lack of a response as a rejection of a loss mitigation option.

If you wish to appeal the denial, you may email your appeal or mail the appeal to the address below.  If contacting SN Servicing through email please do not include confidential information.

Email Address or Physical Mailing Address for sending Appeal Request.

- o   customserv@snsc.com
          Or
- o   SN Servicing Corporation
      Modification Appeals
      323 5th Street
      Eureka, Ca 95501

Included in the appeal correspondence, please provide the following information:

- o   Loan #
- o   Name as it appears on loan;
- o   Property Address
- o   Contact Phone #
- o   Best time to call to discuss their appeal.
- o   Reason(s) for the appeal of the Modification Denial.

**If you are a North Carolina resident and you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks website, www.nccob.gov .**

If you wish to discuss the reasons for the denial of the modification or to discuss other loss mitigation options you may contact us at (800) 603-0836 ext. 2643. Otherwise, SN Servicing Corporation shall proceed with efforts to enforce the terms of the Note and Deed of Trust/Mortgage for payment of this account.

Sincerely,

SN Servicing Corporation
Jeff Harrison
800-603-0836 ext. 2643

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656**

Revised 10-8-2018

## NOTICES

Hours of operation provided reflect general hours for SN Servicing.

Our decision was based in part upon information, not necessarily of a derogatory nature, from the consumer reporting agencies identified below. The reporting agencies played no part in our decision and are unable to provide the specific reasons for our decision. Because our decision is based on information in your credit history, it is very important that you review the credit-related information that is being furnished to make sure it is accurate. Under the Fair Credit Reporting Act and the Consumer Credit Reporting Agencies Act, you have the right to make a written request to any credit reporting agency identified below within 60 days of the receipt of this notice to obtain a free copy of your report:

Experian, P.O. Box 2002. Allen, TX 75013 (866) 200-6020 Toll-Free

Equifax Information Services, LLC. P.O.Box 740241, Atlanta, GA 30374
(800) 685-1111 Toll-Free

TransUnion Consumer Solutions, P.O.Box 2000. Chester, PA 19022-2000
(800) 916-8800 Toll-Free

You may seek assistance at no charge from HUD-approved housing counselors and may request assistance in understanding this letter by asking for MHA HELP at the HOPE Hotline Number (888)995-HOPE.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Avenue - Suite 3450, Houston TX 77010.

If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number.

**Main Office - NMLS ID# 5985, Branch Office - NMLS ID# 9785,**
**Kelly Parrish - NMLS #378996, Scott Nielsen - NMLS #191008, Jeff Harrison - NMLS #1314656**

Revised 10-8-2018

| Servicemembers Civil Relief Act Notice Disclosure | U.S. Department of Housing and Urban Development Office of Housing | OMB Approval 2502-0584 Exp 3/31/2021 |
|---|---|---|

## Legal Rights and Protections Under the SCRA

Servicemembers on "active duty" or "active service," or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC App. §§ 3901-4043) (SCRA).

## Who May Be Entitled to Legal Protections Under the SCRA?

- Regular members of the U.S. Armed Forces (Army, Navy, Air Force, Marine Corps and Coast Guard).
- Reserve and National Guard personnel who have been activated and are on Federal active duty
- National Guard personnel under a call or order to active duty for more than 30 consecutive days under section 502(f) of title 32, United States Code, for purposes of responding to a national emergency declared by the President and supported by Federal funds
- Active service members of the commissioned corps of the Public Health Service and the National Oceanic and Atmospheric Administration.
- Certain United States citizens serving with the armed forces of a nation with which the United States is allied in the prosecution of a war or military action.

## What Legal Protections Are Servicemembers Entitled To Under the SCRA?

- The SCRA states that a debt incurred by a servicemember, or servicemember and spouse jointly, prior to entering military service shall not bear interest at a rate above 6 % during the period of military service and one year thereafter, in the case of an obligation or liability consisting of a mortgage, trust deed, or other security in the nature of a mortgage, or during the period of military service in the case of any other obligation or liability.
- The SCRA states that in a legal action to enforce a debt against real estate that is filed during, or within one year after the servicemember's military service, a court may stop the proceedings for a period of time, or adjust the debt. In addition, the sale, foreclosure, or seizure of real estate shall not be valid if it occurs during, or within one year after the servicemember's military service unless the creditor has obtained a valid court order approving the sale, foreclosure, or seizure of the real estate.
- The SCRA contains many other protections besides those applicable to home loans.

## How Does A Servicemember or Dependent Request Relief Under the SCRA?

- In order to request relief under the SCRA from loans with interest rates above 6% a servicemember or spouse must provide a written request to the lender, together with a copy of the servicemember's military orders.
- [Servicer: SN Servicing Corporation, 323 Fifth Street, Eureka, CA 95501]
- There is no requirement under the SCRA, however, for a servicemember to provide a written notice or a copy of a servicemember's military orders to the lender in connection with a foreclosure or other debt enforcement action against real estate. Under these circumstances, lenders should inquire about the military status of a person by searching the Department of Defense's Defense Manpower Data Center's website, contacting the servicemember, and examining their files for indicia of military service. Although there is no requirement for servicemembers to alert the lender of their military status in these situations, it still is a good idea for the servicemember to do so.

## How Does a Servicemember or Dependent Obtain Information About the SCRA?

- Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/content/locator.php
- "Military OneSource" is the U. S. Department of Defense's information resource. If you are listed as entitled to legal protections under the SCRA (see above), please go to www.militaryonesource.mil/legal or call 1-800-342-9647 (toll free from the United States) to find out more information. Dialing instructions for areas outside the United States are provided on the website.

Revised 10-8-2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Case No.: 1:18-bk-15143-AJC
Chapter 13

**PAUL A. PAZMINO,**

Debtor.

_____/

**AFFIDAVIT IN SUPPORT OF SN SERVICING CORPORATION, AS SERVICER FOR
U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET
SERIES III TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

STATE OF California      )
                         ) ss.:
COUNTY OF Humboldt       )

**BEFORE ME,** the undersigned authority duly authorized to administer oaths and to take testimony, personally appeared Megan Lynch who, being first duly sworn, deposes and says that:

1. My name is Megan Lynch. I am over the age of eighteen (18) years and otherwise competent to execute this Affidavit.

2. I am the Bankruptcy Asset Manager of Secured Creditor, SN Servicing Corporation, As Servicer for U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust.

3. The facts and information contained in this Affidavit are made and based upon my personal knowledge of the my books and business records with respect to the matters set forth in SN Servicing Corporation, As Servicer for U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust's Motion For Relief From Automatic Stay (the "Motion") filed in this action.

# EXHIBIT "B"

*Case No.: 1:18-bk-15143-AJC*

4.    I have read the Motion and each paragraph contained therein is true and accurate.

5.    The amount of the indebtedness and the nature and extent of default set forth in the Motion is information derived from records that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by myself, a person with knowledge of those matters.

6.    The records were kept in the course of the regularly conducted activity and were made by the regularly conducted activity as a regular practice.

7.    I hereby certify that all of the documents attached to the Motion as exhibits are true and accurate copies of the original documents.

**FURTHER AFFIANT SAYETH NAUGHT**

**SN SERVICING CORPORATION**

By: _____
Megan Lynch

Its: Bankruptcy Asset Manager

**SWORN** to and **SUBSCRIBED** before me the _____ day of _____, 2019.

_____
NOTARY PUBLIC, State of California At Large

_____
Print, Type or Stamp Name of Notary Public

Personally known or produced _____ as identification.

- 2 -

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Humboldt_ )

Subscribed and sworn to (or affirmed) before me on this __17__ day

of __May__ , 20 _19_ , by _Megan Lynch_

_____,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Michelle Norton
Comm. #2224400
Notary Public California
Humboldt County
Comm. Expires Jan. 3, 2022

(Seal)

Signature _M Norton_
_Comm. Exp. JAN. 03, 2022_

---

## Optional Information

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this jurat to an unauthorized document and may prove useful to persons relying on the attached document.

### Description of Attached Document

This certificate is attached to a document titled/for the purpose of

_Affidavit in Support of Motion for Relief_

containing __1__ pages, and dated __5-17-19__ .

### Additional Information

**Method of Affiant Identification**

Proved to me on the basis of satisfactory evidence:

☒ form(s) of identification   ○ credible witness(es)

Notarial event is detailed in notary journal on:

Page # __33__   Entry # __8__

Notary contact: _707.476.269_

Other

☒ Affiant(s) Thumbprint(s)   ☐ Describe:

© Copyright 2007-2017 Notary Rotary, PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved.   Item Number 101884. Please contact your Authorized Reseller to purchase copies of this form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

Case No.: 1:18-bk-15143-AJC
Chapter 13

**PAUL A. PAZMINO,**

Debtor.

_____/

# INDEBTEDNESS WORKSHEET

**DEBT AS OF THE PETITION DATE:**

**A.**   **Total pre-petition indebtedness of debtor(s) to movant (if movant is not the lender, this refers to the indebtedness owed to the lender) as of petition filing date: $331,469.78**

1.    Amount of principal: $158,259.79

2.    Amount of interest: $96,887.69

3.    Amount of escrow (taxes and insurance): $72,484.60

4.    Amount of forced placed insurance expended by movant: $0.00

5.    Amount of attorneys' fees billed to debtor(s) pre-petition: $2,130.00

6.    Amount of pre-petition late fees, if any, billed to debtor(s): $168.75

7.    Any additional pre-petition fees, charges or amounts charged to debtors/debtors account and not listed above: $1,538.95  (if additional space is needed, list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: _____.)

**B.**   **Contractual interest rate: 7.5 %**

# EXHIBIT "C"

*Case No.: 1:18-bk-15143-AJC*

### AMOUNT OF ALLEGED POST-PETITION DEFAULT
### (AS OF 05/15/2019)

**C.**    **Date last payment was received: 11/01/2010**

**D.**    **Alleged total number of payments due post-petition from filing of petition through payment due on 05/01/2019:  13**

**E.**    **All post-petition payments alleged to be in default:**

| Alleged Amount Due Date | Alleged Amount Due | Amount Received | Amount Applied To Principal | Amount Applied To Interest | Amount Applied To Escrow | Late fee Charged (If any) |
|---|---|---|---|---|---|---|
| 05/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/01/2018 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/01/2019 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/01/2019 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/01/2019 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/01/2019 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/01/2019 | $1,587.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Totals: | **$20,634.77** | **$0.00** | **$0.00** | **$0.00** | **$0.00** | **$0.00** |

**Totals: $20,634.77**

**F.**    **Amount of movant's attorney's fees billed to debtor for the preparation, and filing and prosecution of this motion: $850.00**

**G.**    **Amount of movant's filing fee for this motion: $131.00**

**H.**    **Other attorneys' fees billed to debtor post-petition: $0.00**

**I.**    **Amount of movant's post-petition inspection fees: $0.00**

**J.**    **Amount of movant's post-petition appraisal broker's price opinion: $0.00**

**K.**    **Amount of forced placed insurance or insurance provided by the movant post-petition: $1,072.68**

**L.**    **Sum held in suspense by movant in connection with this contract, if applicable: $0.00**

**M.** **Amount of other post-petition advances or charges, for example taxes, insurance incurred by debtor etc. (itemize each charge): $0.00 (Corporate Advances)**



### PEDRO J. GARCIA
# MIAMI-DADE PROPERTY APPRAISER

| Address | Owner Name | Folio |
|---------|-----------|-------|

## SEARCH:

| Pazmino, Paul | 🔍 |
|---|---|

## PROPERTY INFORMATION

**Folio:** 06-2228-040-0020

**Sub-Division:**
ADLERAMA ESTATES 4TH ADDN

**Property Address**
13504 NE 23 PL

**Owner**
PAUL PAZMINO & LUZ A PAZMINO

**Mailing Address**
13504 NE 23 PL
N MIAMI, FL 33181-1849

**PA Primary Zone**
3700 MULTI-FAMILY - 10-21 U/A

**Primary Land Use**
0410 RESIDENTIAL - TOTAL VALUE : TOWNHOUSE

| | |
|---|---|
| **Beds / Baths / Half** | 3 / 2 / 0 |
| **Floors** | 2 |
| **Living Units** | 1 |
| **Actual Area** | 1,710 Sq.Ft |
| **Living Area** | 1,640 Sq.Ft |

**EXHIBIT "D"**

| | |
|---|---|
| **Adjusted Area** | 1,640 Sq.Ft |
| **Lot Size** | 2,200 Sq.Ft |
| **Year Built** | 1972 |



**Featured Online Tools**

| | |
|---|---|
| Comparable Sales | Glossary |
| PA Additional Online Tools | Property Record Cards |
| Property Search Help | Property Taxes |
| Report Discrepancies | Report Homestead Fraud |
| Special Taxing District and Other Non-Ad valorem Assessment | Tax Comparison |

Tax Estimator
Value Adjustment Board

TRIM Notice

## ASSESSMENT INFORMATION

| Year | 2018 | 2017 | 2016 |
|---|---|---|---|
| Land Value | $0 | $0 | $0 |
| Building Value | $0 | $0 | $0 |
| Extra Feature Value | $0 | $0 | $0 |
| Market Value | $213,000 | $196,900 | $184,000 |
| Assessed Value | $96,236 | $94,257 | $92,319 |

## TAXABLE VALUE INFORMATION

| | 2018 | 2017 | 2016 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $46,236 | $44,257 | $42,319 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $25,000 | $25,000 | $25,000 |
| Taxable Value | $71,236 | $69,257 | $67,319 |
| **CITY** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $46,236 | $44,257 | $42,319 |
| **REGIONAL** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $46,236 | $44,257 | $42,319 |

## BENEFITS INFORMATION

| Benefit | Type | 2018 | 2017 | 2016 |
|---|---|---|---|---|
| Save Our Homes Cap | Assessment Reduction | $116,764 | $102,643 | $91,681 |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION

ADLERAMA ESTATES 4TH ADDN

PB 92-50

LOT 2 BLK 6

LOT SIZE 20.000 X 110

OR 18204-1376 0798 1

COC 25887-0164 08 2007 5

## SALES INFORMATION

| Previous Sale | Price | OR Book-Page | Qualification Description |
|---|---|---|---|
| 08/01/2007 | $0 | 25887-0164 | Sales which are disqualified as a result of examination of the deed |
| 07/01/1998 | $86,000 | 18204-1376 | Sales which are qualified |
| 03/01/1989 | $72,000 | 14054-227 | Sales which are qualified |

For more information about the Department of Revenue's Sales Qualification Codes.

## ADDITIONAL INFORMATION

* The information listed below is not derived from the Property Appraiser's Office records. It is provided for convenience and is derived from other government agencies.

**LAND USE AND RESTRICTIONS**

| | |
|---|---|
| **Community Development District:** | NONE |
| **Community Redevelopment Area:** | NONE |
| **Empowerment Zone:** | NONE |
| **Enterprise Zone:** | NONE |
| **Urban Development:** | INSIDE URBAN DEVELOPMENT BOUNDARY |
| **Zoning Code:** | R-5 - |
| **Existing Land Use:** | 12 - TOWNHOUSES. |

Government Agencies and Community Services

**OTHER GOVERNMENTAL JURISDICTIONS**

Business Incentives

Childrens Trust

City of North Miami

Environmental Considerations

Florida Department Of Revenue

Florida Inland Navigation District

PA Bulletin Board

Special Taxing District and Other Non-Ad valorem Assessment

School Board

South Florida Water Mgmt District

Tax Collector

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

For inquiries and suggestions email us at http://www.miamidade.gov/PAPortal/ContactForm/ContactFormMain.aspx.

Version: 2.0.3

# EXEMPTIONS & BENEFITS

Deployed Military

Disability Exemptions

Homestead

Institutional

Senior Citizens

More >

## REAL ESTATE

40 Yr Building
Re-Certification

Appealing Your Assessment

Defective Drywall

Folio Numbers

Mortgage Fraud

More >

## TANGIBLE PERSONAL PROPERTY

Appealing your Assessment

Assessment Information Search

Exemptions

Extension Requests

Filing Returns

More >

## PUBLIC RECORDS

Address Blocking

Change of Name

Change of Address

Change of Ownership & Title

Declaration of Condominium

More >

## ONLINE TOOLS

Property Search

Property Sales

Tax Estimator

Tax Comparison

Homestead Exemption and Portability

More >

## TAX ROLL ADMINISTRATION

Appealing your Assessment

Reports

More >

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

Case No.: 1:18-bk-15143-AJC
Chapter 13

**PAUL A. PAZMINO,**

    Debtor.

_____/

**ORDER GRANTING SN SERVICING CORPORATION, AS SERVICER FOR**
**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET**
**SERIES III TRUST'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS MATTER** came before the Court on _____ upon SN Servicing Corporation, As Servicer U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust's ("Secured Creditor") Motion for Relief From the Automatic Stay [D.E. _____] (the "Motion"). The Court having considered this Motion, and being otherwise duly advised in the premises, it is, hereby

**ORDERED,** as follows:

1.    The Motion is **GRANTED**, as set forth herein.

**EXHIBIT "E"**

2.      The Automatic Stay as is lifted to allow Secured Creditor, its successors or assigns, to commence and complete state court foreclosure proceedings, and to allow the state court to enter all necessary orders, judgments, and decrees associated therewith, on real property commonly described as *13504 N.E. 203rd Place, Miami, FL 33181* (the "Property") and with a legal description described as:

**LOT 2, BLOCK 6, OF ADLERAMA ESTATES 4TH ADDITION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 92, PAGE 50, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

3.      This relief is *in rem* only in order to commence and complete state court foreclosure proceedings through certificate of title and possession of the Property; however, Secured Creditor shall not seek any *in personam* relief against the debtor without further order of the Court.

4.      The Court waives the time requirements under Rule 4001(a)(3) and deems the relief from stay effective immediately.

5.      The Court shall retain jurisdiction over this matter to consider and enter such further relief necessary to enforce the terms and conditions of this Order.

### ###

Submitted by:

**Chase A. Berger, Esq**.
Florida Bar No. 083794
cberger@ghidottiberger.com
**GHIDOTTI | BERGER, LLP**
3050 Biscayne Boulevard - Suite 402
Miami, Florida 33137
Telephone: (305) 501.2808 / Facsimile: (954) 780.5578

Mr. Berger is directed to serve a conformed copy of this order upon all interested parties and shall file a Certificate of Service within 3 days from the date of this Order.